**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **ROSA SANTIAGO TIRADO**<br><br>Plaintiff,<br><br>vs.<br><br>**PUERTO RICO TELEPHONE COMPANY (PRTC or CLARO); INDEPENDENT UNION OF TELEPHONE EMPLOYEES (UIET); DEFENDANTS A, B, C, INSURANCE COMPANIES.**<br><br>Defendants. | **CIVIL NO.**<br><br>RE:   ADA,   EMPLOYMENT DISCRIMINATION, RETALIATION; BREACH OF DUTY OF FAIR REPRESENTATION,   ERISA, TORTS; PR ACT NO. 115<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

# C O M P L A I N T

**TO THE HONORABLE COURT:**

**COMES NOW**, Plaintiff Rosa Santiago Tirado ("Santiago"), through her undersigned attorneys and respectfully **STATES, ALLEGES** and **PRAYS**:

## I. NATURE OF THE ACTION AND JURISDICTION

1.      Plaintiff Santiago hereby invokes this Honorable Court's federal question jurisdiction under 28 U.S.C. § 1331 for this action seeking compensatory damages, equitable and injunctive relief, costs and attorney's fees brought pursuant to the American with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §§ 12101 *et seq.* and the Employee Retirement Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*

2.      Santiago invokes federal question subject matter jurisdiction because she has been the victim of perceived or regarded as having a mental disability and retaliation perpetrated by her current employer, the Puerto Rico Telephone Company ("PRTC") and by her labor organization or union, Defendant Independent Unión of Telephone Employees (hereinafter referred to as "UIET" by its Spanish acronym).

Complaint
Santiago v. PRTC *et al.*
Page 2 of 21

3.      Santiago further summons this Honorable Court's federal question jurisdiction under ERISA because both PRTC and the UIET have violated her rights to coverage under the group health plan applicable to PRTC's employees and have treated similar employees more favorably than her and other benefit plans sponsored by both PRTC and UIET.

4.      Santiago also invokes this Honorable Court's pendent/supplemental jurisdiction under 28 U.S.C. § 1367 seeking redress for violations of various Puerto Rico laws, including but not limited to, Act No. 115 of December 20, 1991, 29 L.P.R.A. §§194 *et seq.*; No. Act No. 44 of July 2, 1985, 1 L.P.R.A. §§ 501 *et seq.*; and Puerto Rico's Constitution, Article II, Sections 1, 8, 16, 20 and Article 1802 of Puerto Rico's Civil Code, 31 L.P.R.A. § 5141.

5.      On **July 22, 2014,** Santiago timely filed with the United States Equal Employment Opportunity Commission ("EEOC") an administrative charge against her employer PRTC claiming employment discrimination because she was perceived or regarded as having a mental disability in violation of her rights under the ADA.

6.      The administrative charge filed by Santiago on July 22, 2014 with the EEOC against the PRTC was assigned case Number 515-2014-00445.

7.      Santiago's filing of this administrative charge Number 515-2014-0045 constitutes a statutorily protected activity under the ADA and Puerto Rico Act No. 115.

8.      On **July 22, 2014**, Santiago also timely filed with the EEOC an administrative charge against her labor organization or union, UIET claiming employment discrimination because such union also perceived or regarded her as having a mental disability in violation of her rights under the ADA.

9.      The administrative charge filed by Santiago on July 22, 2014, with the EEOC

against the UIET was assigned case Number 515-2014-00444.

10.     Santiago's filing of this administrative charge Number 515-2014-0044 constitutes a statutorily protected activity under the ADA and Puerto Rico Act No. 115.

11.     On **February 16, 2016**, the EEOC issued and mailed two (2) Notices of Right-To-Sue in the above referenced administrative charges filed by Santiago in Cases 515-2014-00444 and 515-2014-00445, previously referred to.

12.     On **February 19, 2016,** Santiago received the above referenced two (2) Notices of Right-To-Sue from the EEOC that had been mailed on February 16, 2016.

## II.     THE PARTIES

13.     Plaintiff Santiago is a female citizen of the United States of America and is a resident of Rio Piedras, Puerto Rico.

14.     At all relevant times to this Complaint, Santiago was an "employee" within the definition of such statutory term as provided by ADA, 42 U.S.C. § 12111(4) and the laws of the Commonwealth of Puerto Rico which have been invoked herein.

15.     At all relevant times to this Complaint, Santiago was also an "employee" within the definition of such statutory term as provided by ERISA. 29 U.S.C. § 1002(6).

16.     Santiago is currently an employee of PRTC.

17.     At all relevant times to this Complaint, Santiago was and still is a unionized employee of PRTC.

18.     At all relevant times to this Complaint, PRTC was and still is an "employer," a "covered entity" and "a person engaged in interstate commerce" within the definitions of such statutory terms as provided by the ADA, 42 U.S.C. § 12111(2), 5(A), and (7).

Complaint
Santiago v. PRTC *et al.*
Page 4 of 21

19.     At all relevant times to this Complaint, PRTC was and still is an "employer" within the definition of such statutory term as provided by ERISA.  29 U.S.C. § 1002(5).

20.     PRTC is a telecommunications company authorized to do business in the Commonwealth of Puerto Rico, located at 1513-1515 Roosevelt Ave., Guaynabo, P.R.

21.     As Santiago's employer, PRTC is also the "plan sponsor" and/or "plan administrator" of a "welfare benefit plan" within the definition of such statutory terms as provided by ERISA.  29 U.S.C. §§ 1002(1), 1002(16)(B).

22.     The UIET is also the "plan sponsor" and/or "plan administrator of a "welfare benefit plan" within the definition of such statutory terms as provided by ERISA.  29 U.S.C. §§ 1002(1), 1002(16)(B).

23.     At all relevant times to this Complaint, PRTC along with the UIET established a group health plan for PRTC's unionized employees.  Both PRTC and the UIET have also established other ERISA plans, including one establishing educational benefits for PRTC unionized employees and their dependents.

24.     At all relevant times to this Complaint, as a PRTC employee, Santiago was also a "participant" in the welfare benefit plans and other ERISA plans sponsored by PRTC for its employees, within the definition of such statutory term as provided by ERISA. 29 U.S.C. § 1002(7).

25.     At all relevant times to this Complaint, Santiago was and still is a bona fide member of the UIET.

26.     At all relevant times to this Complaint, Defendant UIET was a "labor organization" engaged in interstate commerce within the definitions of these terms as

provided by the ADA, 42 U.S.C. § 12111(2), (7) and the laws of the Commonwealth of Puerto Rico that have been invoked herein.

27.    At all relevant times to this Complaint, Defendant UIET was also an "employee organization" within the definition of such term as provided by ERISA, 29 U.S.C. § 1002(4) and the laws of the Commonwealth of Puerto Rico that have been invoked herein.

28.    At all relevant times to this Complaint, Defendant UIET was a "labor organization" under the ADA because it maintained a hiring hall or hiring office which procures employees for PRTC or procured for employees opportunities to work for PRTC and has over fifteen (15) members.

29.    At all relevant times to this Complaint, Defendant UIET was a "labor organization" under ADA because it is considered a local labor organization that is recognized and acts as the representative of the employees of PRTC, an employer who is engaged in an industry affecting commerce.

30.     At all times relevant to this Complaint, Defendant UIET was the exclusive bargaining representative to those PRTC employees determined to be the "appropriate bargaining unit" for collective bargaining purposes.

31.    At all relevant times to this Complaint, Defendant UIET was the labor organization that represented Plaintiff Santiago along with other PRTC employees for collective bargaining purposes.

32.    Defendants ABC Insurance Companies are the insurers of PRTC and the UIET. Defendants ABC Insurance Companies have insurance policies which at all times relevant

hereto, were in full effect and cover the liabilities and/or unlawful acts which were committed by PRTC and the UIET, as these have been averred in this Complaint.  Plaintiff Santiago is using the fictitious names of ABC because at this time she doesn't know the real names of such insurance companies.  Once the real names become known, Santiago will substitute those fictitious names with the real names of such party defendants.

### III.     FACTUAL NARRATIVE COMMON TO ALL CLAIMS

33.     During 1992, Santiago commenced working at PRTC as a Clerk, ("Oficinista") and as a condition of employment, she had to become a member of UIET.

34.     The daughter of Santiago's cousin, to whom she has always been very close, suffers from childhood glaucoma.  As such, Santiago's cousin's daughter, Y.M.V.B., who is a minor, has severe vision problems.

35.     In 2009, Santiago learned that she could include Y.M.B.V. as a beneficiary in PRTC's and UIET's group health or medical plan if she petitioned the San Juan Superior Court for joint custody of the girl because PRTC's Qualified Medical Support Plan provides as a definition of an "adopted" child that the applicant present a birth certificate and a copy of either evidence of adoption or a copy of a permanent adjudication of custody.

35.     Before Santiago sought the joint custody of the minor Y.M.B.V. with the Superior Court of Puerto Rico, San Juan Part, she learned that at least one other similarly situated PRTC employee had secured the right of medical coverage for a niece by receiving an adjudication, and that other employees had done the same for children who were not blood relatives.

36.     PRTC's and UIET's employee group health plan even provides for coverage of what it calls "consensual spouses", i.e., partners living together, but not married.

37.     On August 17, 2009, Santiago then filed a request for joint or shared custody for the stated minor before the Superior Court of Puerto Rico, San Juan Section, in the case of *Nayda N. Báez, Eddie Vázquez and Rosa I. Santiago Tirado, Ex-parte*, Case Number KCU 09-274 (702).

38.     On September 1, 2009, the San Juan Superior Court issued a judgment, which is final and not appealable, wherein the Superior Court granted shared custody of the minor, Y. M. V.B. (hereinafter V.B.) among Santiago and the child's parents.

39.     On December 9, 2009, the San Juan Superior Court issued an Order to amend the Judgment to the sole effect that Santiago would provide a medical plan coverage to the minor and ordered notification of such Court order to PRTC's Legal Division because ignorance of the laws was causing damages to Santiago.

40.     On January 25, 2010, PRTC sent a letter to Santiago notifying her with the denial of eligibility or coverage of the group medical plan of the minor, V.B., in violation of the group health plan, the Qualified Medical Child Support Order, and Section 609 of ERISA.

41.     Thereafter, PRTC then sought to intervene in the stated Superior Court of Puerto Rico, San Juan, Part custody case.

42.     On February 11, 2010, the San Juan Superior Court issued an order, related to PRTC's motion to intervene, decreeing that: PRTC was not a party in this incident nor has the Court requested PRTC to intervene; Mrs. Rosa Santiago is the person with custody

Complaint
Santiago v. PRTC *et al.*
Page 8 of 21

according to the legal authority in effect; We did not interfere, nor will we, in your eligibility requirements. She is the guardian; If Mrs. Santiago is not satisfied with your decision, this is not the forum that will decide if you comply with the spirit of the law; What was informed by her in the courtroom is what the Court took into consideration for the judicial decision.

43.     In its letter of January 25, 2010, PRTC had asserted that the Definitions Section, Paragraph 15, of the group health plan originated in 2003, established the criteria for the children to obtain the benefits of said medical plan as a direct or optional beneficiary.

44.     At the time, PRTC's group medical plan for its employees was administered by Triple S.

45.     On March 23, 2010, the San Juan Superior Court issued an Amended Judgment granting the permanent shared custody of the minor, V.B., in Santiago's favor; it further ordered that Santiago provide medical plan coverage for the stated minor.

46.     The referenced March 23, 2010 order is a "Qualified Medical Child Support Order" and it is effective until effective until August 17, 2027.

47.     Upon receipt of the March 23, 2010 Qualified Medical Child Support Order, Santiago notified such Order to PRTC and the UIET.

48.     On July 28, 2011, PRTC then sent another communication to Santiago stating that she did not have a right to claim the minor V.B., as a dependent in the PRTC group medical health plan.

49.     Thereafter, PTRC proposed to amend its Collective Bargaining Agreement with the UIET, so that Article 41 (Medical Plan) Section 1 states the following: "The eligible dependents of an employee are his/her legal spouse, children, adopted children or minors

Complaint
Santiago v. PRTC *et al.*
Page 9 of 21

for which a qualified court has granted total permanent custody to him/her not shared except when shared with his/her legal spouse," rather than permitting a Qualified Medical Support Order to govern as the then current plan provided.

50.     As of July 2011, the UIET had not approved the Collective Bargaining Agreement proposed by PRTC, and the then existing Collective Bargaining Agreement provides that it shall govern the relationship between PRTC and its union employees until a new agreement was ratified.

51.     Even though PRTC denied coverage, Santiago received notification of renewal of the group medical plan by ordinary mail and Triple S gave her a card for the group medical plan of the minor, V.B., with the effective date of January 1, 2011, even though PRTC had notified that the minor was not eligible for said group medical plan.

52.     The contract number assigned to the minor was different from the regular Code that PRTC uses when the employee has a family medical plan.

53.     On January 25, 2012, Triple S then sent a letter to Santiago cancelling the minor, V.B., as a dependent of the group medical plan effective February 1, 2012.

54.     On January 31, 2012, Triple S again gave Santiago a group medical plan card for the minor, V.B. with the effective date from January 1, 2011, but covering the period from January 2012.

55.     PRTC then sent Ms. Santiago a Renewal Form for Dependent Status, including the minor, V. B.

Complaint
Santiago v. PRTC *et al.*
Page 10 of 21

56.     During the past, PRTC has repeatedly allowed medical plan coverage to minors whose custody has been granted to other similarly situated union employee through an order from a court with jurisdiction.

57.     PRTC has acted in a contradictory manner and has incurred in disparate treatment against Santiago because it represented to her that the minor was not eligible for the Company's group medical plan from September 1, 2009 (the date of the Judgment of shared custody), but then issued a medical plan card for Santiago's niece, V.B. for two years (2011 and 2012). PRTC cannot allege that issuing the card was merely an error.

58.     As a result of PRTC's ERISA violations, Santiago had to provide another medical plan for V.B. through First Medical for December 1, 2009 until November 30, 2010 at the rate of $227.00 a month ($2,724.00 a year) and during the period from December 1, 2010 to January 31, 2011 at the rate of the same amount (plaintiff has paid $454.00 dollars for these 2 months).

59.     Santiago has also paid the medical plan of the minor, V.B., through First Medical at the rate of $132.00 dollars a month since February 1, 2011 to January 31, 2012 (equivalent to $1,584.00 dollars during that period).

60.     In violation of ERISA, during the month of February 2012, PRTC cancelled the medical plan of the minor, V.B., in February 2012, alleging that she was not eligible under the appearing plaintiff's coverage, even though the existing Qualified Medical Child Support Plan Order provides to the contrary.

61.     Throughout this period of time, Santiago was a UIET delegate.

Complaint
Santiago v. PRTC *et al.*
Page 11 of 21

62.     While Santiago was a UIET delegate in a meeting held on February 11, 2011 at the negotiating table for a Collective Bargaining Agreement for PRTC and the UIET, with Mrs. Zoraida Báez (Director of Compensation and Benefits for PRTC), Ms. Baez told her, in the presence of UIET representatives, that she (Santiago) was the person that had requested the benefits of the group medical plan for the minor under her custody and that PRTC had decided to amend the requisites of eligibility to exclude the minor, V.B., and all others in her situation from the group medical plan from May 1, 2012 onward.

63.     PRTC was now attempting to amend the group medical plan to retaliate against Santiago for having exercised her rights pursuant to the Collective Bargaining Agreement and ERISA's provisions.

64.     On May 3, 2012, Triple S had certified that the minor, V.B., was insured to that date under the health plan of PRTC with the contract number 1-07290-001, although Santiago had already paid the premiums to a different plan because PRTC refused to recognize her right to include the minor in her plan sponsored by PRTC.

65.     Throughout this period of time, PRTC continued to deny Santiago, in violation of ERISA, the right to include the minor V.B. as a dependent on her health insurance group plan despite the continuing existence of a Qualified Medical Support Order, which PRTC told Santiago was what she needed to obtain so as to be able to include such minor in PRTC' group health plan.

66.     On June 19, 2013, Santiago filed a complaint before the United States District Court of Puerto Rico against defendant PRTC claiming the same ERISA violations and the same pendent Puerto Rico law claims as alleged in the present Complaint.   Such

Complaint was assigned to Hon. Judge José A. Fusté in case Number 13-01484 (JAF). After several proceedings, Civil Case Number 13-01484 was dismissed without prejudice on June 30, 2014.

67.     In filing the above stated civil case, Number 13-01484 (JAF), Santiago engaged in statutorily protected activity under ERISA and those Puerto Rico laws that she now re-alleges have been violated.

68.     After Santiago filed the above referenced federal court case, Number 13-01484, both her employer, PRTC, and her union, UIET, continued to retaliate against Santiago affecting her terms and conditions of employment.  Santiago has been retaliated against because of her exercising her rights as a unionized employee, her rights under ERISA and because she filed for joint custody of minor V.B. as stated above.

69.     On October 25, 2013, Santiago was suspended from her employment without just cause until November 4, 2013 and in retaliation for having filed the federal complaint, Civil Number 13-01484.  Such work suspension was jointly made between PRTC and UIET's management, who failed to duly represent Santiago during this "disciplinary" process.  The UIET breached its duty of fair representation towards Santiago and discriminated and retaliated against Santiago because she had voiced or grieved about such union's disparate treatment involving the health insurance coverage of other union members' families, who were similarly situated as Santiago, had received insurance coverage under similar conditions.

70.     Alternatively, the UIET knowingly acquiesced to Santiago's unlawful and discriminatory suspension by avoiding to press for a grievance procedure under the

collective bargaining agreement by and between the UIET and PRTC and/or to defend her adequately so as to not to antagonize the employer, PRTC involving collective bargaining negotiations.  The UIET failed to affirmatively act under its duty of fair representation of Santiago to defend her from the unlawful, discriminatory and retaliatory suspension.

71.    The UIET's actions and/or omissions against Santiago were in bad faith, arbitrary, discriminatory and unrelated to UIET's legitimate union activities and such actions and/or omissions led to Santiago's unlawful suspension on October 25, 2013 and other retaliatory conduct that later took place.

72.    Santiago was once again unlawfully, discriminatorily suspended from her job on June 5, 2014 in retaliation for having exercised her rights as a unionized employee, her rights under ERISA, because she filed for joint custody of minor V.B. as stated above and for having filed her previous federal court case, Civil Number 13-01484.

73.    Shortly before her suspension on June 5, 2014, Santiago provided testimony related to her ERISA claims before Hon. Judge Jose Fusté in his chambers.

74.     On or about June 5, 2014, UIET's President, Edward Sánchez along with other UIET agents and representatives met and reached an agreement with PRTC's Human Resources Director, José Pulido and other PRTC officials to suspend without pay Santiago as both UIET and PRTC unlawfully perceived Santiago as suffering a mental illness or disability.  Santiago was suspended for twenty (20) days.  Santiago was not notified of the suspension until she was actually suspended.

75.    Prior to Santiago's June 5, 2014 suspension, on May 16, 2014, both the UIET and PRTC jointly decided, without consulting her, to instruct Santiago to visit Dr. Victor J.

Lladó, a psychiatrist, to conduct a psychiatric evaluation as they perceived or regarded Santiago was mentally disabled.  Defendants UIET and PRTC understood that Santiago was a danger or threat.

76.     Santiago went to Dr. Llado's office fearing that if she did not go, she would be terminated from her employment as being insubordinate.

77.     Once Santiago arrived at Dr. Llado's office, she was not subjected to any psychiatric evaluation, instead, Dr. Lladó requested that she deliver to his office all of her medical records, not just those records pertaining to her perceived mental disability.

78.     Santiago did not submit all of her medical records because they were not related to her perceived medical condition and in so doing, she exercised her rights under the HIPAA.

79.     After visiting to Dr. Llado's office and refusing to submit all her medical records to such psychiatrist's office, Santiago was suspended twenty (20) days from her employment.  Both the UIET and PRTC jointly decided to impose Santiago's suspension. Such suspension violates the ADA and was in retaliation for having engaged in the above stated statutorily protected activity.

80.     Alternatively, the UIET acquiesced to PRTC's perceived disability discrimination of Santiago and in so doing, breached its duty of fair representation and acted in bad faith, arbitrarily without any union legitimate interest.

81.     Santiago's unlawful twenty (20) day suspension until June 25, 2014, was also in retaliation because she had engaged in statutorily protected activity as she offered testimony on her own behalf in her federal complaint in Case Number Civil Number 13-01484.

82.     On June 5, 2014, both the PRTC and the UIET took away Santiago's employee identification card and she was removed from her workplace escorted by security guards as she was treated as having committed a criminal offense.  She was unlawfully submitted to humiliation, ridicule and publicly chastised.

## IV. FIRST CAUSE OF ACTION
### (ADA: Perceived or Regarded as Mentally Disabled, Retaliation)

83.     Plaintiff Santiago re-alleges each and every preceding allegation as if fully set forth herein and incorporates them by reference hereto.

84.     Defendants PRTC and UIET have willfully violated ADA's provisions by discriminating against Santiago due to her perceived mental disability and by engaging in retaliation against her on account that she engaged in statutorily protected activity for having grieved with the UIET and PRTC and opposed discriminatory conduct and by having complained to the EEOC of ADA discrimination against both Defendants PRTC and the UIET.

85.    As such, Defendants PRTC and UIET are jointly liable in compensatory and punitive damages against Plaintiff Santiago for their unlawful conduct.  Plaintiff Santiago demands compensation due to the moral and mental anguish she has suffered on account of PRTC's and UIET's unlawful conduct.  Santiago further requests back pay for those salaries that she did not earn during that period of time that she was unlawfully suspended.

86.    Santiago also prays for injunctive relief against Defendants so that they ceases and desist from violating her rights under the ADA.

## V. SECOND CAUSE OF ACTION
### (Violation to Article II of Puerto Rico's Constitution)

87.    Plaintiff Santiago re-alleges each and every preceding allegation as if fully set forth herein and incorporates them by reference hereto.

88.    Defendants PRTC and UIET have violated Plaintiff Santiago's rights secured under Article II, Sections 1, 8, 16, 20 of Puerto Rico's Constitution by violating the dignity, privacy, health at the work place and discriminating against her on the basis of her perceived mental disability.

89.    Plaintiff Santiago is entitled to compensatory damages.  Plaintiff has suffered considerable economic and personal damages as a result of Defendants' conduct. Defendants have discriminated against Santiago in violation of her constitutional rights previously mentioned.

## VI. THIRD CAUSE OF ACTION
### (Violation to Puerto Rico Act No. 115)

90.    Plaintiff Santiago re-alleges each and every preceding allegation as if fully set forth herein and incorporates them by reference hereto.

91.     Defendants PRTC and UIET, as PRTC's agent, have violated Plaintiff Santiago's rights secured under Puerto Rico Act No. 115.  Defendants PRTC and UIET have retaliated against Santiago because she engaged in statutorily protective activity.

92.     Act No. 115 provides that no employer and its agent may take reprisals against an employee for appearing before a judicial forum.  Nonetheless, PRTC and UIET have unlawfully changed their group health benefits plan for all PRTC employees, including Santiago's because she sought and obtained a Qualified Medical Support Order.

93.     Defendants PRTC's and UIET's violations of Act 115 have caused Santiago to feel humiliated in front of her colleagues as well as caused her a deep hurt that PRTC and PRTC's agent, the UIET would go out of their way to try to cause her harm for her desire to benefit a young girl who desperately needs the medical care she is receiving in order to attempt to stave off blindness and also to harm the other PRTC employees who have lost their benefits or will lose their benefits if the definition of optional dependent changes.

94.     Santiago requests this Honorable Court to grant damages to her in an amount not less than $1,500,000.00 dollars for the pain and suffering she has experienced as a result of PRTC's and UIIET's retaliations against her.

95.      Plaintiff Santiago is entitled to compensatory and economic damages. Plaintiff Santiago has suffered considerable economic and personal damages as a result of Defendants' conduct.

## VII. FOURTH CAUSE OF ACTION
### (Violation to Puerto Rico's Civil Code, Art. 1802)

96.     Plaintiff Santiago re-alleges each and every preceding allegation as if fully set forth herein and incorporate them by reference hereto.

97.     Defendants PRTC and UIET, through their agents has violated Plaintiff Santiago's rights under Puerto Rico's Civil Code, Article 1802, 31 L.P.R.A. § 5141.

98.     Plaintiff Santiago has also suffered emotional damages arising from Defendants' unlawful actions against her.  As such, Santiago is entitled to compensatory and economic damages she has suffered.

## VIII. FIFTH CAUSE OF ACTION
### (Violation to Puerto Rico Act No. 44)

99.     Plaintiff Santiago re-alleges each and every preceding allegation as if fully set forth herein and incorporate them by reference hereto.

100.     Defendants PRTC and UIET have willfully violated Puerto Rico Act No. 44's provisions by discriminating against Santiago due to her perceived mental disability and by engaging in retaliation against her on account that she engaged in statutorily protected activity for having grieved with the UIET and PRTC and opposed discriminatory conduct and by having complained to the EEOC of perceived disability discrimination against both Defendants PRTC and the UIET.  As such, Defendants PRTC and UIET are jointly liable in compensatory and punitive damages against Plaintiff Santiago for their unlawful conduct. Plaintiff Santiago demands compensation due to the moral and mental anguish she has suffered on account of PRTC's and UIET's unlawful conduct.

101.    Santiago further requests back pay for those salaries that she did not earn during that period of time that she was unlawfully suspended.

102.    Santiago also prays for injunctive relief against Defendants so that they ceases and desist from violating her rights under Act No. 44.

## IX. SIXTH CAUSE OF ACTION
### (ERISA VIOLATIONS AND RETALIATION, INJUNCTIVE, EQUITABLE RELIEF AND RESTITUTION)

103.    Plaintiff Santiago re-alleges each and every preceding allegation as if fully set forth herein and incorporate them by reference hereto.

104.    Since PRTC's and UIET's actions violate ERISA by denying Santiago to include minor V.B. on her insurance plan pursuant to 29 U.S.C. § 1169, Santiago requests this Honorable Court to enter a declaratory judgment finding that the judgment of the San Juan Superior Court is a Qualified Medical Support Order and further ordering PRTC and UIET to allow Santiago to include the minor V.B. as her dependent on the medical insurance plan.

105.     Plaintiff Santiago requests that this Honorable Court issue equitable and injunctive relief against PRTC and UIET ordering them to provide coverage group medical plan to the minor, V.B., for so long as Santiago is an employee of PRTC.

106.    Santiago further asks this Court to order PRTC and UIET to cease and desist from changes to the employees' benefits plan which would exclude the minor V.B. from the definition of optional dependents.

107.    Since 2009, Santiago has been paying the insurance premiums, even though she has had a Qualified Medical Support Order, which requires PRTC and UIET to

recognize V.B. as Santiago's optional dependent in accord with the group health plan that says that all that is needed is a permanent joint custody order.

108.   Santiago very respectfully requests this Honorable Court to order PRTC and UIET to reimburse her for all the premiums she has paid in violation of ERISA, plus interest.

109.   Both PRTC and UIET have also denied Santiago coverage from the educational benefits plan.   Santiago requests that she been entitled to receive such benefits from the date they were denied to her up to and including the present.

**WHEREFORE**, all premises being considered, Plaintiffs pray that this Honorable Court enter Judgment against Defendants PRTC and UIET grant Plaintiff the following relief:

(a)   An award of compensatory damages of not less than ONE MILLION DOLLARS ($1,500,000.00);

(b)   An award of double compensatory damages under Puerto Rico Acts 115 and 44;

(c)   An award of costs and reasonable attorney's fees;

(d)   Injunctive relief ordering Defendants UIET and PRTC and its agents to stop retaliating against Plaintiff Santiago

(e)   An award of punitive damages under applicable federal laws invoked herein;

(f)    Injunctive and Equitable relief as has been previously requested in this Complaint and any other further relief, which this Honorable Court may deem just, and proper, and

(g)   A trial by jury.

Complaint
Santiago v. PRTC *et al.*
Page 21 of 21

**RESPECTFULLY SUBMITTED.**

**WE HEREBY CERTIFY** that on this same date, May 13, 2016, we electronically filed

the foregoing certificate of service with the Clerk of this Honorable Court using the CM/ECF

system which will send notification to all counsel in this case.

In San Juan, Puerto Rico this 13th day of May 2016.

/s/ **JOSÉ G. FAGOT DÍAZ**                     **/s/ MANUEL E. LOPEZ FERNANDEZ**
**USDC PR No. 204112**                         **USDC PR. No. 205507**
**Attorney for Plaintiffs**                    **Attorney for Plaintiffs**
166 Presidente Ramirez St., Apt. No. 2         B-12 Paseo del Prado
Urb. Baldrich                                  San Juan, PR 00926
Hato Rey, PR  00918                            Tel.: (787) 562-2040
Tel:  (787) 367-8702                           email: lcdomanuel.lopez@gmail.com
email: jgf@fagot-law.com